**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

HARVEY JONES
ADC #88202                                                                                              PLAINTIFF

V.                                            5:05CV00220 JTR

DR. ROLAND ANDERSON, and
JOHN DOES, the unknown medical
providers for Correctional Medical Services                              DEFENDANTS

<u>**ORDER**</u>

Plaintiff, who is currently incarcerated at the Cummins Unit of the Arkansas Department of

Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Defendants

Dr. Anderson[1] and John Does, who are unknown medical providers for Correctional Medical

Services, Inc. ("CMS"), have failed to provide him with adequate care for his right eardrum which

was injured during an altercation with prison guards on October 18, 2004.[2]  *See* docket entries #2

and #42.

Separate Defendant Dr. Roland Anderson has filed a Motion to Dismiss and a Supporting

Brief, to which Plaintiff has filed a Response.  *See* docket entries #47, #48, and #52.  Additionally,

Plaintiff has filed a Motion to Voluntarily Dismiss Dr. Roland Anderson.  *See* docket entry #54.  For

the reasons set forth herein, the Court will grant Defendant's and Plaintiff's Motions to Dismiss

Dr. Roland Anderson, and order service upon Dr. Donald Anderson.[3]

---

[1] As will be explained herein, Plaintiff did not specify the first name of that individual.

[2] On November 3, 2005, the Court dismissed Plaintiff's excessive force claim against those
prison guards pursuant to the three-strikes rule set forth in 28 U.S.C. § 1915(g).  *See* docket entry
#40.

[3] On October 31, 2005, the parties consented to proceed before a United States Magistrate
Judge.  *See* docket entry #30.

## II.  Motions to Dismiss

In his Amended Complaint, Plaintiff named "Dr. Anderson" as a Defendant, without specifying a first name for that individual.  *See* docket entry #42.  Specifically, Plaintiff alleges that, on or about March 16, 2005, a Dr. Anderson examined him at the Cummins Unit and rendered inadequate medical care for his ruptured and/or infected right eardrum.  *Id.*

On November 28, 2005, counsel for CMS accepted service on behalf of "Dr. Anderson," because she believed that he was Dr. Roland Anderson, who was the only CMS physician employed in March of 2005.[4]  *See* docket entry #43.  However, in his Motion to Dismiss, Defendant Dr. Roland Anderson explains that ADC records demonstrate that Plaintiff was actually seen at the Cummins Unit on March 16, 2005, by Dr. Donald Anderson, who at that time, was not a CMS employee.  *See* docket entry #27, Exhibit D at 10; docket entry #47, attachment.  Additionally, counsel has orally informed a member of the Court's staff that, in March of 2005, Dr. Donald Anderson was an independent contractor working for CMS on a temporary basis and that, during that time period, he maintained his own insurance.  Accordingly, counsel asserts that it does not have authority to accept service on behalf of Dr. Donald Anderson, and she has provided the Court with his last known private mailing address.

Importantly, Plaintiff agrees that Dr. Roland Anderson is the wrong Defendant in this action.  *See* docket entries #52 and #54.  Accordingly, he asks the Court to voluntarily dismiss Dr. Roland Anderson and, instead, to order service upon Dr. Donald Anderson.  *Id.*

The Court finds the parties mutual requests to dismiss Dr. Roland Anderson to be proper.

---

[4]  A few days later, on December 4, 2005, counsel also entered an appearance on behalf of "Defendant Anderson."  *See* docket entry #44.

Further, the Court will grant Plaintiff's request to add Dr. Donald Anderson as a Defendant and order service upon him at the private mailing address that is attached to this Order in a **<u>SEALED</u>** exhibit.[5]

### III.  John Doe Defendants

Finally, the Court notes that the John Doe Defendants are currently the only other Defendants named in this action.  On November 3, 2005, the Court entered an Order giving Plaintiff until March 3, 2006, to provide the Court with the full names and service addresses for each of the John Doe Defendants, all of whom appear to have provided allegedly inadequate medical care for Plaintiff's injury to his right eardrum.  *See* docket entry #40; *see also Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993) (explaining that it is the responsibility of a prisoner proceeding *pro se* and *in forma pauperis* in a § 1983 action to provide the court and the U.S. Marshals with a proper service address for the defendants).

The Court has been advised, in a different § 1983 action, that the ADC has a written policy allowing inmates to physically review their medical records in preparation for litigation.  *See Rowe v. Anderson*, 5:05CV00113, docket entry #41, Exhibit 2.  Accordingly, the Court will order the Warden of the Cummins Unit to provide Plaintiff with access to his medical records so that he may try to determine the identities of the John Doe Defendants who allegedly provided him with inadequate medical care for the October 2004 injury to his right eardrum.  Specifically, the Warden shall, from the date of this Order until February 20, 2006, provide Plaintiff with <u>at least four hours</u> of access to his medical records.  That should give Plaintiff ample time to determine the identities of the John Doe Defendants and file an appropriate Motion with the Court before the March 3, 2006

---

[5]  The Court does not, at this time, render any ruling as to whether Dr. Donald Anderson is /was a "state actor" amenable to suit in this § 1983 action.

deadline.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.      Defendant's Motion to Dismiss (docket entry #47) and Plaintiff's Motion to Voluntarily Dismiss (docket entry #54) are GRANTED, and Defendant Dr. <u>Roland</u> Anderson is DISMISSED, WITH PREJUDICE, from this action.

2.      The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3),[6] that an *in forma pauperis* appeal from this Order would not be taken in good faith.

3.      The Clerk is directed to prepare a Summons for Dr. <u>Donald</u> Anderson at the address provided in the **<u>SEALED</u>** exhibit which is attached to this Order, and the U.S. Marshal  is directed to serve the summons, the Complaint (docket entry #2), the Amended Complaint (docket entry #42), and this Order upon him without prepayment of fees and costs or security therefor.  Importantly, any return of service should be filed with the **private address redacted.**

4.      The Clerk shall mail a copy of this Order to the Warden of the Cummins Unit, at P.O. Box 500, Grady, Arkansas 71644-0500.

5.      The Warden of the Cummins Unit shall immediately provide Plaintiff with access to his medical records, as specified in this Order.

Dated this 3rd day of February, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."